UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case #24-22708-cgm
IN RE:

       CLAREL JULES JEAN

<u>AFFIRMATION IN OPPOSITION</u>
Chapter 13

-----------------------------------------------------------------X

      ALAN C. STEIN, an attorney duly admitted to practice law in the courts of the State of New York and before the United States Bankruptcy Court for the Southern District of New York, hereby, affirms the following under the penalties of perjury:

      1.      I am the attorney for the debtor and as such am fully familiar with the facts and circumstances heretofore had herein.

      2.      The instant case was filed on August 12, 2024 and the first 341 hearing was scheduled for September 12, 2024. I requested an adjournment from the Trustee for the 341 and the 341 was adjourned until October 31, 2024. I was under the false belief that the Confirmation would be adjourned until a date thereafter. I did not realize I needed to request a separate adjournment of that hearing or appear virtually to request the adjournment of the Confirmation Hearing.

      3.      We sent the client a plan on September 6, 2024 and he did not sign it until October 23, 2024. We contacted the client and his broker, who has been handling the mortgage situation on behalf of the debtor including loss mitigation, on September 9, 2024, September 17, 2024, September 23, 2024, October 7, 2024, October 9, 2024, October 21, 2024 and October 22, 2024 and we finally received the signed plan on October 23, 2024 and filed it on October 24, 2024.

      4.      On October 31, 2024, the Debtor appeared telephonically as he could not figure out how to use Zoom. The 341 hearing was adjourned to November 15, 2024. On that date we appeared and the Trustee conducted a 341 hearing and the 341 hearing is believed to have been closed. We have instructed the client many times regarding making the chapter 13 payments and

to pay his mortgage post-petition. None of this occurred prior to the 341 hearing. After the hearing we helped the Debtor be able to make payments to the Trustee and the lender.

5. My paralegal who handles the calendar was expecting the Court to assign a new confirmation hearing date. In fact, there was a discussion on the record at the 341 in order to ascertain the date of the next confirmation hearing.

6. We apologize to the Court that we missed the Confirmation Hearing and truly expected that it would be automatically adjourned.

7. The debtor is a difficult party to represent due to his technological inabilities and inability to follow through. His previous chapter 13 case was dismissed for failure to cooperate; failure to commence making chapter 13 plan payments; failure to appear at the 341; and failure to provide documents. In that case, I filed an Affirmation of No Opposition to the Trustee's motion to dismiss in the 2022 filing. When I agreed to represent Debtor (the day before the foreclosure sale) I told Debtor that he must cooperate. He is cooperating, but very slowly and without regard for deadlines set by the Court. However, I can assure the Court that the delays are not caused by me or my office.

8. As far as disgorgement of fees, I believe that there is no basis for disgorgement. The undersigned has performed the following actions on behalf of the debtor:

    a) Prepared and filed initial schedules and statements on an emergency basis
    b) Stopped the foreclosure sale and notified the Foreclosure Referee and the Foreclosing attorney.
    c) Prepared and filed the missing schedules and statements.
    d) Constantly reached out to the client to obtain the bank statements, utility bills, tax returns and other documents not provided by the Debtor.
    e) Prepared and filed a plan.
    f) Appeared for the first 341 hearing.
    g) Appeared for the second 341 hearing

9. This is not a situation where Debtor's counsel has not performed his job or has taken monies and failed to provide legal services. This is simply a case of counsel for the Debtor mistakenly believing that there would be an adjournment of the Confirmation Hearing based upon the adjournment of the 341. I can assure this Court that this error will never happen again.

**WHEREFORE**, it is respectfully requested that this Honorable Court deny the relief sought by this Court together with any such other, further and different relief as this Court deems just and proper.

Dated: November 21, 2024
      Woodbury, New York

Law Office of Alan C. Stein, P.C.
/s/ Alan C. Stein

by: _____
Alan C. Stein (AS 2186)
Attorney for Debtor
7600 Jericho Turnpike-Suite 308
Woodbury, New York 11797
(516) 932-1800